28 F.3d 104
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert BARTLETT, Petitioner-Appellant,
v.
Carlos ORTIZ, Warden, FCI Bastrop, Texas, Respondent-Appellee.
 No. 93-35811.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1994.*
Decided July 8, 1994.
 
 Before: TANG, PREGERSON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Bartlett, a federal prisoner serving a concurrent state sentence, appeals the district court's denial of his 28 U.S.C. Sec. 2254 habeas petition, challenging his jury conviction for three counts of first degree robbery, in Clakamas County, Oregon, Circuit Court. We have jurisdiction pursuant to 28 U.S.C. Sec. 2253. We review the denial of Bartlett's habeas petition de novo, Henry v. Estelle, 993 F.2d 1423, 1425 (9th Cir.1993), and we affirm.
 
 
 3
 Bartlett's only claim of error on appeal is that the district court erred in failing to vacate his robbery convictions based on a violation of the Double Jeopardy Clause of the Fifth Amendment.
 
 
 4
 Bartlett was tried jointly with co-defendant Clyde Duggan. Bartlett and Duggan's first trial ended in a mistrial after Gregory Boughn, a witness for the prosecution, unexpectedly invoked his Fifth Amendment privilege against self-incrimination when he was called to testify. Bartlett and Duggan then moved to dismiss the robbery charges against them on the ground that retrial was barred by the Double Jeopardy Clause of the Fifth Amendment. Bartlett and Duggan alleged that the prosecutor was guilty of intentional misconduct in calling Boughn to testify with knowledge that he might invoke the Fifth Amendment, thereby provoking a mistrial.
 
 
 5
 The trial court held a hearing on the motion to dismiss. After hearing testimony from the prosecutor and Boughn's attorney, both of whom stated that they expected Boughn to testify at trial, the trial judge denied the motion, finding that the prosecutor had not engaged in intentional misconduct which would bar retrial of Bartlett and Duggan.
 
 
 6
 Duggan brought a habeas petition in district court, and appealed its denial to this court. He alleged, inter alia, that the district court erred in according a presumption of correctness to the state court's finding that there was no prosecutorial misconduct and in denying Duggan's claim that his retrial was barred by the Double Jeopardy Clause.
 
 
 7
 In the memorandum disposition of Duggan's appeal, this court stated:
 
 
 8
 As the district court recognized, the issue in this case is whether the prosecutor's calling of Boughn as a witness in Duggan's first trial was intended to provoke Duggan into moving for a mistrial. This is a question of fact and is amply supported by the record. Therefore, it is entitled to a presumption of correctness under 28 U.S.C. Sec. 2254(d). See Sumner v. Mata, 449 U.S. 539 (1981). Because there was no prosecutorial misconduct, the district court was correct in denying Duggan's claim. See Oregon v. Kennedy, 456 U.S. at 679.
 
 
 9
 Duggan v. Maass, No. 91-36054, unpublished memorandum disposition (9th Cir. Aug 7, 1992).
 
 
 10
 The issue being raised by Bartlett on appeal is the same as that already decided by this court in Duggan's appeal. We are pursuaded by the court's reasoning in Duggan. Accordingly, we affirm the district court's denial of Bartlett's habeas petition.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3